Scruggs and others *v.* Baltimore & O. R. Co.-

(*Circuit Court, E. D. Missouri.* November 1, 1883.)

1. COMMON CARRIERS—NEGLIGENCE—EXCEPTED PERILS.

When goods, which a common carrier has undertaken to transport, are lost *in transitu* by fire, through its negligence, it is liable, even where its bill of lading provides that it shall be exempt from liability in case of loss by fire.

2. SAME—BILL OF LADING—LIMITATION OF LIABILITY.

Where it was orally agreed between A., a shipper, and B., a common carrier, that the latter should transport all goods which the former desired to ship from X. to Z., for a certain sum per hundred pounds, regardless of value, and A. shipped certain packages by B. under said agreement, but took a bill of lading therefor, which provided that unless the shipper had the value of his packages inserted in the bill of lading given for them the carrier would not be liable for an amount exceeding $50 on each package, but the values of the packages were not asked for by B. or inserted in the bill of lading, and the goods were lost *in transitu* through B.'s negligence, *held,* that B. was liable for their full value.

At Law.

This is a suit brought to cover the full value of certain goods which were lost by fire through the defendant's negligence while being transported by it from New York to St. Louis. The plaintiffs shipped said goods under an oral agreement with the defendant by which the latter undertook to transport all such goods, regardless of their value, for a certain sum per hundred pounds. The bill of lading received by plaintiff's consignors from defendant's agents provided, however, that unless the shippers had the values of their packages inserted in the bill of lading given for them the defendant would not be liable or responsible for an amount exceeding $50 on each package. It also provided that defendant should not be liable in case of loss by fire.

The values of the packages shipped were not asked for by defendant, however, and were not inserted in the bill of lading.

*Thomas Metcalf,* for plaintiffs.

*Garland Pollard,* for defendant.

TREAT, J. The evidence disclosed that the loss was caused by the negligence of the defendant; therefore the exemption as to the fire in the written bill of lading, if applicable, would not change the result. The only question concerning which there was difficulty related to the required valuation of the property shipped. It is a correct rule that where special values connected with shipments should be disclosed, and the contract between the parties called therefor, with limitation agreed, such agreements should be upheld. The case before the court shows that shipments of goods in the ordinary course of plaintiffs' business were to be made under a verbal agreement with respect to the rates therefor. Of course, it must be held to be within·

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

the contemplation of the parties that shipments should be in the ordinary course of such transactions. No limitations as to the values were made by the oral agreement; nor does it appear that there was any extraordinary value outside of plaintiffs' usual course of shipments, hence, the loss having occurred through the negligence of the defendant, the plaintiffs are entitled to recover the full value of the goods forwarded, with interest.

Judgment, therefore, is rendered for $4,077.